IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RITA CABALLERO, et al.,

Plaintiffs

v.                                                    CIVIL 07-1665 (JA)

HOSPITAL ESPAÑOL AUXILIO MUTUO
DE PUERTO RICO, INC., et al.,

Defendants

OPINION AND ORDER

    This matter is before the court on motion for protective order filed by the defendants on October 5, 2009.  (Docket No. 63.)  Plaintiffs opposed to the defendants' motion on October 14, 2009 and in addition requested that the defendants' expert witness testimony be excluded. (Docket No. 64.)  On November 10, 2009, the defendants replied. (Docket No. 67.) Having considered the arguments of the parties and for the reasons set forth below, the defendants' motion for protective order is GRANTED and plaintiffs' motion to strike is DENIED.

I.  BACKGROUND

    On June 12, 2009, the pre-trial conference was held and the scheduling order was then issued.  According to the scheduling order the parties had until October 31, 2009, to complete all discovery.  Plaintiffs' expert witnesses were scheduled to be deposed in Boston on September 3-5.  Plaintiffs' experts were

CIVIL 07-1665 (ADC)                           2

also supposed to be deposed on September 12, 2009, at 9:30 a.m. On that same day, at 2:00 p.m., Dr. Wilfredo Nieves-Colomer (expert witness for the defendants) was also scheduled to be deposed. The scheduling order specified that the dates of September 15, 23 and 24 were reserved to depose the hospital's expert Dr. Manuel Quiles and the defendants' joint economics expert Dr. Ramón Cao. (Docket No. 57.)

On October 5, 2009, the defendants filed " Joint Motion for Protective Order". (Docket No. 63.) In their motion the defendants request that the court eliminate the fees demanded by both of plaintiffs' expert witnesses, Dr. Christian Arbeláez and Dr. Richard Sullivan, for the cancellation of their depositions. The depositions of plaintiffs' expert witnesses were scheduled for September 4 and 5, 2009. (Id. at 1, ¶ 1.) The defendants claim that the depositions were involuntarily cancelled due to situations that were beyond their control. (Id. at 3, ¶ 8.)

On October 14, 2009, plaintiffs opposed the defendants' request and moved for the exclusion of their expert witness, Dr. Nieves-Colomer, for not making a timely and full disclosure as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. (Docket No. 64, at 1, ¶ 1.) Plaintiffs also claim that the defendants have not allowed them to depose Dr. Nieves-Colomer. (Id. at 11, ¶ 1.)

CIVIL 07-1665 (ADC)                                            3

On November 10, 2009, the defendants replied explaining once again the reason why the depositions of both Dr. Arbeláez and Dr. Sullivan were cancelled. (Docket No. 67, at 1-3.) As to the request to exclude Dr. Nieves-Colomer as an expert witness, the defendants claim they were allowed by the plaintiffs to make the disclosures after December 22, 2008. (Id. at 3, ¶ 7.) The defendants state that on January 30, 2009, Dr. Nieves-Colomer's expert report was notified to plaintiffs. (Id.) As to the other disclosures that were pending, the defendants claim that plaintiffs were informed that they were going to be furnished on a later date. (Id.)

According to the defendants, on June 12, 2009 the disclosures that were pending were personally notified to the plaintiffs. (Id.) The defendants argue that even though the disclosures were not made on or before December 22, 2008, they were nevertheless produced opportunely. (Id. ¶ 8.) The defendants therefore request that plaintiffs' motion be denied. (Id. at 4, ¶ 11.)

## II. ANALYSIS

A. Protective Orders

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990) (quoting Seattle Times v. Rhinehart, 467 U.S. 20, 36 (1984)). The

CIVIL 07-1665 (ADC)                           4

court may issue a protective order upon motion by "[a] party or any person from whom discovery is sought . . . [accompanied by] a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

Rule 26(c) also requires a showing of good cause by the movant. Pub. Citizen v. Liggett Group, Inc., 858 F.2d 775, 779 (1st Cir. 1988); Multi-Core, Inc. v. S. Water Treatment Co., 139 F.R.D. 262, 263 (D. Mass. 1991). "Whether or not 'good cause' exists for the entry of such an order must depend on the facts and circumstances of the particular case." Mompoint v. Lotus Dev. Corp., 110 F.R.D. 414, 418 (D. Mass. 1986). In other words, "[a] finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Baker v. Liggett Group, Inc., 132 F.R.D. at 125 (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)).

After the movant meets these requirements, "[t]he court may, for good cause cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . " Fed. R. Civ. P. 26(c).

The defendants in this case request that a protective order be entered in order to eliminate the fees demanded by both of plaintiffs' expert witnesses, Dr. Arbeláez and Dr. Sullivan, for cancelling their depositions. According to the

CIVIL 07-1665 (ADC)                              5

defendants the depositions, which were scheduled to be taken on September 4 and 5, 2009 at Boston, Massachusetts, had to be cancelled due to tropical storm Erika.  (Docket No. 63, at 1, ¶ 1.)  The defendants claim that before the depositions were cancelled plaintiffs were kept informed of the emergency every few hours as the reports from the National Hurricane Center ("NHC") were being posted.  (Id.)  The defendants claim that during a conference call all of the parties "agreed that the most reasonable thing to do was to cancel the depositions" and reschedule them.  (Id. at 2-3, ¶ 7.)

After the depositions were cancelled, the defendants claim that they received an email from plaintiffs' counsel on September 16, 2009, informing them that Dr. Arbeláez and Dr. Sullivan were demanding $1,200 and $800, respectively, for the cancellation of their depositions.  (Id. at 1, ¶ 2.)

The defendants admit that the tropical storm eventually did not enter Puerto Rico, weakened and was reclassified as a tropical depression. Nevertheless, the defendants argue that when the decision-making took place, in order to determine whether or not the depositions were going to be cancelled, the scenario was not positive for Puerto Rico.  (Id. at 3, ¶ 10.)  The defendants contend that it was not possible for them to reschedule the travel arrangements and reservations exactly the way they originally were.  (Id.)

CIVIL 07-1665 (ADC)                              6

      Plaintiffs on the other hand argue that the defendants are responsible for canceling the depositions and are liable for the fees demanded by Dr. Arbeláez and Dr. Sullivan. (Docket No. 64, at 5, ¶ 22.) Plaintiffs claim that they called the defendants "to inform them to try at all costs to keep the scheduled depositions," and were also "explained that there would be a cost associated with the cancellation of the depositions." (Id. at 3, ¶¶ 10 & 11.) According to plaintiffs the National Oceanic Atmospheric Agency Record ("NOAA") issued a "Tropical Depression Erika Advisory 9" on September 3, 2009, at approximately 5:00 p.m. (Id. at 4, ¶ 16.) Plaintiffs sustain that the advisory stated that the tropical storm would only affect Puerto Rico in a very limited area on the southwest tip of the island, that flight operations were not disrupted and that the Luis Muñoz-Marín International Airport serving San Juan did not close. (Id. ¶¶ 16 & 17.) Plaintiffs claim that they were given no choice but to cancel the depositions despite their willingness to go forward with them. (Id. ¶ 18.)

      Federal Rule of Civil Procedure 26(b)(4)(C)(i) places a financial burden of deposing a testifying expert on the party that conducts the deposition. Fed. R. Civ. P. 26(b)(4)(C)(i). Additionally, courts have generally found that the party taking the deposition is required by Rule 26(b)(4)(C)(i) to pay for preparation time. Lent v. Fashion Mall Partners, 223 F.R.D. 317, 318 (S.D.N.Y. 2004); Fleming v. United States, 205 F.R.D. 188, 190 (W.D. Va. 2000); Collins v. Vill. of

CIVIL 07-1665 (ADC)                                        7

Woodridge, 197 F.R.D. 354, 307 (N.D. Ill. 1999); Emmeneger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998).  However,"[t]he provisions about payment in Rule 26(b)(4)(C) are subject to the condition 'unless manifest injustice would result.' Thus the court can decline to require payment in some deserving cases." 8A The Late Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civ. § 2034.

   "[T]he manifest injustice exception is a 'stringent standard.'" Harris v. San José Mercury News, Inc., 235 F.R.D. 471, 473 (N.D. Cal. 2006) (citing Reed v. Binder, 165 F.R.D. 424, 427 (D.N.J. 1996) (quoting Gorlikowski v. Tolbert, 52 F.3d 1439, 1444 (7th Cir. 1995)).  "To apply the exception, the court must find . . . 'that requiring [the defendants] to pay a deposition fee  . . .  would create an undue hardship.'"  Harris v. San José Mercury News, Inc., 235 F.R.D. at 473 (quoting Edin v. The Paul Revere Life Ins. Co., 188 F.R.D. 543, 547 (D. Ariz. 1999)).  "In making the determination of undue hardship, the court must 'weigh the possible hardships imposed on the respective parties . .. [and] balance the need for doing justice on the merits between the parties . . . against the need for maintaining orderly and efficient procedural arrangements.'" Harris v. San José Mercury News, Inc., 235 F.R.D. 471, 473 (quoting Reed v. Binder, 165 F.R.D. at 427-28) (quoting Gorlikowski v. Tolbert, 52 F.3d at 1444).

CIVIL 07-1665 (ADC)                    8

The court finds that plaintiffs' request that the defendants pay the fees demanded by Dr. Arbeláez and Dr. Sullivan is unwarranted. The fees demanded by the plaintiffs' expert witnesses for canceling the depositions cannot be considered as preparation costs. Therefore, the defendants cannot be ordered to pay the fees requested. Furthermore, another reason why the defendants are not responsible for paying the fees requested by plaintiffs' expert witnesses is that they have shown good cause as to why the depositions were canceled. As the defendants pointed out, the depositions were canceled due to the imminence of a tropical storm. It is clear that in light of the circumstances the defendants' decision to cancel the depositions was not arbitrary but rather logical and reasonable. Although plaintiffs believe that the defendants' proffered reason does not justify canceling the depositions the court finds that it is.

As the defendants have explained, the tropical storm was going to affect Puerto Rico on September 3 and 4, 2009. Both of defendants' counsel had their flights scheduled for September 3, 2009. On September 2, 2009, counsel for the defendants decided to cancel the depositions because according to a bulletin from the NHC the tropical storm, although weakened, still sustained winds of 40 mph and was projected to remain over or near the island causing significant rain and floods. As a direct consequence of cancelling the depositions, counsel for the


CIVIL 07-1665 (ADC)                              9

defendants had to absorb the costs of suspending all of their travel arrangements (flight, hotel, etc.).

      B.  Failure to Make Disclosures

Rule 26(a)(2) of the Federal Rules of Civil Procedure "requires parties to disclose the identity of their expert witnesses as well as their experts' reports in accordance with scheduling orders issued by the trial court." Morel v. Daimler-Chrysler Corp., 259 F.R.D. 17, 19-20 (D.P.R. 2009) (citing Fed. R. Civ. P. 26(a)(2)); see Laplace-Bayard v. Batlle, 295 F.3d 157, 161-62 (1st Cir. 2002). "An expert's complete report is due at a specific time during the discovery period in order to allow opposing counsel to depose the expert, if desired, and to allow the opposing party's expert witness time to respond to the opinions expressed in the report, also within the discovery period, so that the plaintiff's counsel will also have an opportunity to explore those opinions before the end of discovery and the deadline for the filing of dispositive motions." Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d 59, 63-64 (D. Me. 2009); see Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). "An expert can always supplement his or her opinions after submitting a report, should the need arise. What the expert cannot do is dictate the timing and progress of the case; that is a matter solely within the court's control." Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d at 64.

CIVIL 07-1665 (ADC)                              10

When the "automatic discovery provisions of Rule 26(a) and 26(e) are violated . . . " subsection (c) of Rule 37 comes into play. Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R., 248 F.3d 29, 33 (1st Cir. 2001) (citing Fed. R. Civ. P. 37(c)). Subsection (c) of Rule 37 provides, in relevant part, that if "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [, that party] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia, 248 F.3d at 33 (citing Fed. R. Civ. P. 37(c)(1)). Thus, "Rule 37(c)(1) 'clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion.'" Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d at 64 (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001)).

"[T]he burden of proving substantial justification or harmlessness" for an untimely disclosure falls on the offending party. Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006) (citing Saudi v. Valmet-Appleton, Inc., 219 F.R.D. 128, 132 (E.D. Wis. 2003) ("The party to be sanctioned must show that its violation of Rule 26(a) was either 'substantially justified' or 'harmless.'"). Besides being able to preclude as evidence "any witness or

CIVIL 07-1665 (ADC)                           11

information not so disclosed," the court "may impose other appropriate sanctions . . . [which] may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this Rule." Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R., 248 F.3d at 34 (quoting Fed. R. Civ. P. 37(c)). The objective of Rule 26(a) is to "promote full disclosure of the facts and prevent 'trial by ambush,' because opposing counsel cannot adequately cross-examine without advance preparation." Morel v. Daimler-Chrysler Corp., 259 F.R.D. at 20 (citing Macaulay v. Anas, 321 F.3d 45, 50, 52 (1st Cir. 2003)).

"The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d at 64 (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d at 60). Therefore, "[f]ormal disclosure of experts is not pointless." Vigilant Ins. v. E. Greenwich Oil Co., 234 F.R.D. 20, 24 (D.R.I. 2006) (quoting Musser v. Gentiva Health Servs., 356 F.3d 751, 757 (7th Cir. 2004)). "The purpose of the expert disclosure rules is 'to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent."'" Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d at 60 (quoting Thibeault v. Square D Co., 960 F.2d at 244). "[P]reclusion of expert testimony is a grave step, not to be undertaken lightly[.]" Primus v. United

CIVIL 07-1665 (ADC)                                     12

States, 389 F.3d 231, 235 (1st Cir. 2004) (quoting Thibeault v. Square D Co., 960 F.2d at 247).

"Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to 'depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery.'" Poulis-Minott v. Smith, 388 F.3d at 358 (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d at 60). However, Rule 37(c)(1) "allows the court to admit belatedly proffered expert evidence if the proponent's failure to reveal it was either substantially justified or harmless." Id. In deciding whether to exclude expert testimony under Rule 37(c)(1), the court considers the history of the litigation, the party's need for the expert testimony, the party's justification for late disclosure, and any prejudice to the opposing party caused by the late disclosure. Santiago-Díaz v. Lab. Clínico y de Referencia del Este & Sara López, M.D., 456 F.3d 272, 276-77 (1st Cir. 2006) (quoting Macaulay v. Anas, 321 F.3d at 51).

Plaintiffs in this case have requested that the testimony and report of the defendants' expert witness, Dr. Nieves-Colomer, be excluded from trial for failing to comply with the order entered by this court on October 14, 2008, which required the parties to make all expert disclosures by December 22, 2008.

CIVIL 07-1665 (ADC)                              13

(Docket No. 64, at 8-9, ¶ 37.)  Plaintiffs believe that the defendants' untimely disclosures regarding their expert witness is neither justified nor harmless.  (Id.)  According to plaintiffs on December 22, 2008, they received an email from the defendants requesting a brief extension of time until January, 15, 2009, to make their disclosures.  (Id. at 6, ¶ 26.)  Plaintiffs state that even though they gave in to the defendants' request the disclosures were not made as agreed.  (Id. at 6, ¶ 28.)

The disclosures, plaintiffs state, were made on January 30, 2009.  (Id.) However, plaintiffs claim that the disclosures made by the defendants were incomplete since they only consisted of a report by Dr. Nieves-Colomer.  (Id.) Plaintiffs also claim that no extension of time was requested by the defendants, nor did they offer any excuse justifying the additional delay.  (Id.)  Plaintiffs claim that the disclosures made by the defendants regarding Dr. Nieves-Colomer did not contain a curriculum vitae, the list of cases in which he has testified nor a schedule of fees.  (Id. at 6-7, ¶ 29.)  Plaintiffs claim that it was not until June 12, 2009, that the defendants finally provided them with both the curriculum vitae and the case list.  (Id.)  However, according to the plaintiffs the list furnished by the defendants failed to comply with Rule 26.  (Id.)

Plaintiffs list in detail the deficiencies in the disclosures made by the defendants.  According to plaintiffs the disclosures made by the defendants failed

CIVIL 07-1665 (ADC)                            14

to provide the following information:  (1) the identity of the lawyers involved in the cases in which Dr. Nieves-Colomer has testified; (2) a statement of the compensation to be paid to Dr. Nieves-Colomer; (3) conclusions regarding the topics which Dr. Nieves-Colomer is expected to testify; (4) the basis and reasons for Dr. Nieves-Colomer conclusions; (5)  the data and/or information that was considered by Dr. Nieves-Colomer in forming his conclusions; (6) exhibits that could be used to summarize or support Dr. Nieves-Colomer's testimony. (Id. at 9-10.)

Plaintiffs also claim that to this date the defendants have not allowed them to depose Dr. Nieves-Colomer.  According to plaintiffs they were not able to depose Dr. Nieves-Colomer as scheduled because he had experienced a bout of kidney stones exacerbation.  (Id. at 7, ¶ 32.)  Plaintiffs were only able to depose Dr. Pedro Rodríguez-Benítez on September 12, 2009, as well as Dr. Manuel A. Quiles-Lugo on September 15, 2009.  (Id. at 7, ¶¶ 30 & 33.)  Plaintiffs claim that on September 16, 2009, their attorney suggested to the defendants that he could stay in Puerto Rico until September 18, 2009, to depose Dr. Nieves.  (Id. at 7-8, ¶ 34.)  However, plaintiffs state that on September 17, 2009, counsel for the defendants informed them that Dr. Nieves-Colomer could not be deposed because he was still under medication.  (Id. at 8, ¶ 35.)  Plaintiffs claim that to this date

CIVIL 07-1665 (ADC)                              15

they have not received any proposals from the defendants to depose Dr. Nieves-Colomer in Puerto Rico. (Id. at 8, ¶ 36.)

The defendants admit that they requested a brief extension of time from the plaintiffs in order to make the disclosures regarding Dr. Nieves-Colomer. (Docket No. 67, at 3, ¶ 7.) The defendants also admit that the expert report was notified to plaintiffs on January 30, 2009. (Id.) The defendants however claim that on that same date plaintiffs were informed that Dr. Nieves-Colomer's qualifications, list of cases and fees were going to be furnished on a later date. (Id.) The defendants also do not deny that the pending disclosures were made on June 12, 2009. (Id.) Despite of this the defendants contend that even though the disclosures were made in a later date plaintiffs cannot allege that it has caused them an undue prejudice because they were produced opportunely, considering that the deposition was scheduled for September, 2009. (Id. at 3, ¶ 8.) The defendants further argue that during the status conference that was held on June 12, 2009, plaintiffs made no objections regarding this matter. (Id.) The defendants also contend that it is not correct that they have failed to allow the plaintiffs to depose Dr. Nieves-Colomer. (Id. ¶ 9.) According to the defendants on the day that Dr. Nieves-Colomer was supposed to be deposed he suffered from a medical condition that persisted for more than a week. (Id. at 3-4, ¶ 9.) The

CIVIL 07-1665 (ADC)                              16

defendants claim that Dr. Nieves-Colomer's deposition could have been rescheduled for the days that plaintiffs' attorney was staying in Puerto Rico. (Id.)

The defendants have failed to comply with a basic discovery rule even though plaintiffs gave them additional time to make the disclosures regarding Dr. Nieves-Colomer. The defendants were supposed to make their disclosures on or before December 22, 2008, as ordered by this court. Nevertheless, plaintiffs gave the defendants until January 15, 2009, to make the disclosures but they failed to do so. It was not until January 30, 2009, that the defendants without any justification for their additional delay disclosed Dr. Nieves-Colomer's expert report. The disclosures that were pending were made five months later on June 12, 2009. The defendants surprisingly do not even offer a hint of justification for doing so. Although the defendants might have informed plaintiffs that the disclosures that were pending were going to be made on a later date, it does not mean that they were implicitly authorized to do so.

Notwithstanding the defendants' unexcused reasons for not complying with the Rule 26, the court finds that the exclusion of Dr. Nieves-Colomer's testimony is not an appropriate sanction. Even though the defendants' actions might be unjustified they are nevertheless harmless. The plaintiffs will not be materially prejudiced since no trial date has been set. To the court's understanding besides the deposition of Dr. Nieves-Colomer, the depositions of Dr. Arbeláez and

CIVIL 07-1665 (ADC)                             17

Dr. Sullivan also remain to be taken.  Furthermore, the defendants indicate that they have not been able to produce Dr. Cao's report due to plaintiffs' failure to produce information regarding Mr. Miranda's pension plans and annuities.  This information the defendants believe is vital since according to them it was used by plaintiffs' economic expert for the preparation of his report.

The defendants understand that this information needs to become available to their expert so that he can take it into account before rendering a report.  Therefore, the defendants still can  provide the required disclosures without causing any undue delay.  Plaintiffs' request that the testimony of the defendants' expert witness be excluded is denied.

### III.  CONCLUSION

In view of the above, the defendants motion for protective order is GRANTED.  The plaintiffs' request to exclude the testimony and report of the defendants' expert witness is DENIED.

At San Juan, Puerto Rico, this 8th day of February, 2010.

                               S/ JUSTO ARENAS
                               Chief United States Magistrate Judge